**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Singer Asset Finance Company, L.L.C.,** | ) | **CASE NO.: 2:13-cv-00638** |
| | ) | |
| **Plaintiff,** | ) | **District Judge: George C. Smith** |
| | ) | **Magistrate Judge: Mark R. Abel** |
| **vs.** | ) | |
| | ) | |
| **Kelly Cassidy-Elliott, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**STIPULATION OF SETTLEMENT AND ORDER**

This Stipulation and Order (the "Stipulation") is entered into as of this ___ day of October, 2014, by and among Singer Asset Finance Company, L.L.C. ("Singer"), Symetra Assigned Benefits Service Company ("SABSCO"), Symetra Life Insurance Company ("Symetra Life") and Kelly Cassidy-Elliott ("Cassidy-Elliott").

**RECITALS**

**WHEREAS,** Cassidy-Elliott became entitled to receive certain settlement payments from SABSCO under the settlement of a tort claim (the "Settlement Agreement") as follows:

- $20,000.00 due March 23, 1998; $25,000.00 due March 23, 2003; $40,000.00 due March 23, 2008; $65,000.00 due March 23, 2013; and $100,000.00 due March 23, 2018 (the "Periodic Payments");

**WHEREAS,** SABSCO purchased annuity contract number AA0659152 (the "Annuity") from Symetra Life to fund its obligation to remit the Periodic Payments to Cassidy-Elliott;

**WHEREAS,** Cassidy-Elliott entered into a Purchase Agreement dated March 18, 1999 (the "Purchase Agreement") with Singer, under which Cassidy-Elliott sold the following Periodic

Payments to Singer: $25,000.00 due March 23, 1998 and $25,000.00 due March 23, 2003 (the "Assigned Payments");

**WHEREAS,** Cassidy-Elliott pledged the Periodic Payments to Singer to secure her obligations under the Purchase Agreement;

**WHEREAS,** Cassidy-Elliott complied with the Purchase Agreement in that Singer timely received the Assigned Payments;

**WHEREAS,** Cassidy-Elliott entered into a Loan Application and Loan Agreement dated April 10, 2000 (the "Loan Agreement") with Merrick Bank Corporation ("Merrick"), under which Merrick loaned Cassidy-Elliott the original principal amount of $7,000.00 to be repaid in a lump sum payment of $63,000.00 from the following Periodic Payment: $65,000.00 due March 23, 2013 (the "Loan Payment"), the Loan Agreement provided that all obligations of Cassidy Elliot were secured by the Periodic Payments by valid first perfected security interest from Cassidy-Elliott to Merrick;

**WHEREAS,** Merrick assigned all of its interest under the Loan Agreement to Singer;

**WHEREAS,** SABSCO, Symetra Life and Singer are party to a "Confidential Settlement Agreement" dated October 21, 2001 (the "2001 Settlement") as referenced in the Complaint filed herein, an agreement that speaks for itself;

**WHEREAS,** Cassidy-Elliott commenced a lawsuit against SABSCO and Symetra Life in or about 2004 in the State of Ohio (No. 04CVH1213606), with respect to the March 2003 payment;

**WHEREAS,** Cassidy-Elliott, SABSCO and Symetra Life consummated a confidential settlement agreement to resolve the 2004 Ohio Lawsuit, the "2004 Settlement");

WHEREAS, Cassidy-Elliott subsequently received the March 2013 payment directly from SABSCO and/or Symetra Life.;

WHEREAS, on or about July 2, 2013, Singer filed the instant lawsuit against Cassidy-Elliot, SABSCO and Symetra Life, alleging, amongst other things, that these named Defendants breached the Loan Agreement and converted Singer's unique Collateral, namely the Periodic Payments ("Lawsuit");

WHEREAS, the parties desire to enter into this Stipulation to avoid burdensome and protracted litigation, and to resolve disputed claims;

NOW THEREFORE, in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, intending to be legally bound hereby, the parties hereto agree and stipulate as follows and the Court hereby Orders as follows

1.      Cassidy-Elliott warrants and represents that she has not   sold, assigned or encumbered any amount of the Periodic Payment due on March 23, 2018 other than any sale, assignment or encumbrance pursuant to the terms of the Purchase Agreement and Loan Agreement.

2.      Singer and its successor(s) and/or assign(s) shall hereinafter be have the sole and exclusive right to $90,000.00 (out of a total of $100,000.00) of the Periodic Payment due March 23, 2018 ("Singer Property");

3.      Cassidy-Elliott, as well as her heirs or successors of any type, shall retain no legal or equitable interest in and to the Singer Property;

4.      SABSCO and Symetra Life shall remit the Singer Property to Singer at the following address: P.O. Box 811301, Boca Raton, Florida 33481, or any address subsequently and timely directed by Singer in writing to SABSO and Symetra Life;

5.      Cassidy-Elliot, her heirs and successors of any type shall have the   sole and exclusive right to $10,000.00 (out of a total of $100,000.00), of the Periodic Payment due March 23, 2018 (the "Cassidy-Elliott Property");

6.      Within thirty (30) days hereof, Singer shall file an appropriate UCC-3 amendment effectively relinquishing its first perfected security lien in and to the Cassidy-Elliott Property; and Singer, its successors and assigns of any type, shall retain no legal or equitable interest in and to the Cassidy-Elliott Property;

7.      SABSCO and Symetra Life shall remit to Cassidy-Elliot the Cassidy-Elliott Property at an address prescribed in writing by Cassidy-Elliott to SABSCO and Symetra Life;

8.      The Court finds that the assignment to Singer of $90,000 of the 2018 Periodic Payment  does not concern or constitute a "transfer" under 26 U.S.C. §5891 et seq., and/or the Ohio Structured Settlement Protection Act (Ohio Rev. Code Ann. 2323.58 et seq.)

9.      For good and valuable consideration, and intending to be legally bound hereby, Cassidy-Elliot, for herself and for her successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, and any parent, or subsidiary, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present (the "Cassidy-Elliott Releasors"), hereby remise, release and forever discharge SABSCO and Symetra Life, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present (the "Symetra Releasees"), of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages,

4

claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Lawsuit, the Purchase Agreement, the Loan Agreement, the 2001 Settlement, the 2004 Ohio Lawsuit, the 2004 Settlement, the Singer Property, which against each other or Symetra Releasees, the Cassidy-Elliott Releasors have or had from the beginning of the world through the date of this Stipulation, except for claims of the Cassidy-Elliott Releasors against the Symetra Releasees to enforce the Symetra Releasees' obligations to the Cassidy-Elliott Releasors, if any, under this Stipulation.

10. For good and valuable consideration, and intending to be legally bound hereby, the Cassidy-Elliott Releasors hereby remise, release and forever discharge Singer, and its directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary, and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present (the "Singer Releasees"), of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Purchase Agreement, the Loan Agreement, the 2001 Settlement, the instant lawsuit, the Singer Property, which against each other or Singer Releasees, the Cassidy-Elliott Releasors have or had from the beginning of the world through the date of this Stipulation, except for claims of the Cassidy-Elliott Releasors against the Singer Releasees to enforce the Singer Releasees' obligations to the Cassidy-Elliott Releasors, if any, under this Stipulation.

11.    For good and valuable consideration, and intending to be legally bound hereby, Singer, for itself and its respective shareholders, officers, agents, employees, servants, successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, and any parent, or subsidiary,  and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary,  and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present (the "Singer Releasors"), hereby remise, release and forever discharge the Symetra Releasees, of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Lawsuit, the Purchase Agreement, the Loan Agreement, the 2004 Ohio Lawsuit, the 2004 Settlement, which the Singer Releasors have or had had from the beginning of the world through the date of this Stipulation. This release shall not apply to any other Claimants other than Cassidy-Elliott or any payments due to claimants other than Cassidy-Elliott.

12.    For good and valuable consideration, and intending to be legally bound hereby, the Singer Releasors, hereby remise, release and forever discharge the Cassidy-Elliott Releasees, of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Purchase Agreement, the Loan Agreement, the 2004 Settlement, the instant lawsuit, the Cassidy-Elliott Property, which against each other or Cassidy-Elliott Releasees, the Singer

6

Releasors have or had from the beginning of the world through the date of this Stipulation, except for claims of the Singer Releasors against the Cassidy-Elliott Releasees to enforce the Cassidy-Elliott Releasees' obligations to the Singer Releasors, if any, under this Stipulation.

13.　For good and valuable consideration, and intending to be legally bound hereby, SABSCO and Symetra Life, for themselves and for their respective shareholders, officers, agents, employees, servants, successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, and any parent, or subsidiary,  and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, and any parent, subsidiary,  and their directors, shareholders, officers, agents, employees, servants, successors, and assigns, past and present (the "Symetra Releasors"), hereby remise, release and forever discharge the Singer Releasees, of and from any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Purchase Agreement, the Loan Agreement, the 2004 Ohio Lawsuit, the 2004 Settlement, the instant lawsuit, including any claims that Singer owes any indemnity to as a result of the 2004 Ohio Lawsuit to SABSCO or Symetra Life, which against each other or, the Symetra Releasors have or had from the beginning of the world through the date of this Stipulation, except for claims of Symetra Releasors against the Singer Releasees to enforce the Singer Releasees' obligations to Symetra Releasors, if any, under this Stipulation.

14.　For good and valuable consideration, and intending to be legally bound hereby, the Symetra Releasors hereby remise, release and forever discharge the Cassidy-Elliott Releasees, of and from any and all manner of actions and causes of action, suits, debts, dues,

7

accounts, bonds, covenants, contracts, agreements, judgments, settlements, damages, claims, and demands whatsoever, in law or in equity, in connection with, related to, or arising out of, any claim or allegation that was or could have been asserted in connection with, related to, or arising out of the Purchase Agreement, Loan Agreement, the 2004 Ohio Lawsuit, the 2004 Settlement, and/or the instant lawsuit, which against each other, or the Lawsuit, the Symetra Releasors have or had from the beginning of the world through the date of this Stipulation, except for claims of Symetra Releasors against the Cassidy-Elliott Releasees to enforce the Cassidy-Elliot Releasees' obligations to the Symetra Releasors, if any, under this Stipulation.

15.     This Stipulation shall override any terms or conditions of the 2004 Settlement relating to the March 2018 payment, and any ambiguity, vagueness, discrepancy that shall hereinafter arise with respect to this Stipulation and the 2004 Settlement shall be resolved in all respects in favor of enforcement of the instant Stipulation.

16.     The parties hereto acknowledge that they enter into this Stipulation with the opportunity for advice and consent of counsel, and that they do so knowingly and voluntarily, with a complete understanding of the terms and conditions of this Stipulation.

17.     This Stipulation may be executed in counterparts by the parties hereto, each of which shall be deemed to be an original, and all of which shall be one and the same document. Signatures received by facsimile shall be deemed originals.

18.     This Stipulation shall be binding upon and inure to the benefit of the parties hereto, and their respective past, present, and future directors, shareholders, officers, agents, employees, servants, successors, heirs, beneficiaries, contingent beneficiaries, executors, administrators, and assigns, and any parent, subsidiary, and their respective directors,

shareholders, officers, agents, employees, servants, successors, heirs, executors, administrators, and assigns.

19.  · This Stipulation shall be governed by the laws of the State of Ohio, without regard to choice of law principles.

20.   The attached stipulated Order shall be presented to the Court for approval.

21.   The undersigned represent and warrant that they have authority to sign this Stipulation on behalf of the entities for which their signature appears.

22.   The undersigned expressly agree that the instant Court shall retain jurisdiction to enforce any and all terms or conditions of this Stipulation.


IN WITNESS WHEREOF, the parties have hereunto set their hands as of the day and year first above written.


**SINGER ASSET FINANCE COMPANY, L.L.C.**

By: /    Kenneth R. Barnett, President
        2255 Glades Road, Suite 118E
        Boca Raton, Florida 33431
        (800) 670-6777
        (561) 988-6797 (facsimile)
        *Representative for Singer Asset Finance Company, L.L.C.*


**SYMETRA ASSIGNED BENEFITS SERVICE COMPANY AND
SYMETRA LIFE INSURANCE COMPANY**


By:
Title:
*On Behalf of Symetra Assigned Benefits Service Company
And Symetra Life Insurance Company*

9

shareholders, officers, agents, employees, servants, successors, heirs, executors, administrators, and assigns.

19.    This Stipulation shall be governed by the laws of the State of Ohio, without regard to choice of law principles.

20.    The attached stipulated Order shall be presented to the Court for approval.

21.    The undersigned represent and warrant that they have authority to sign this Stipulation on behalf of the entities for which their signature appears.

22.    The undersigned expressly agree that the instant Court shall retain jurisdiction to enforce any and all terms or conditions of this Stipulation.


IN WITNESS WHEREOF, the parties have hereunto set their hands as of the day and year first above written.

**SINGER ASSET FINANCE COMPANY, L.L.C.**


By:     Kenneth R. Barnett, President
        2255 Glades Road, Suite 118E
        Boca Raton, Florida 33431
        (800) 670-6777
        (561) 988-6797 (facsimile)
        *Representative for Singer Asset Finance Company, L.L.C.*


**SYMETRA ASSIGNED BENEFITS SERVICE COMPANY AND
SYMETRA LIFE INSURANCE COMPANY**

By:
Title:
*On Behalf of Symetra Assigned Benefits Service Company
And Symetra Life Insurance Company*

9

**KELLY CASSIDY-ELLIOTT**

Kelly Cassidy-Elliot
3795 Tanager Drive
Columbus, Ohio 43230

David W. Douglas  (#0017444)
Rebecca A. Kelley  (#0066425)
Kimberly A. Lee  (#0084829)
FISHER & DOUGLAS, LLP
503 South Front Street, Suite 210
Columbus, OH  43215
Phone:  (614) 221-0446
Fax:  (614) 221-0554
Email: rebecca@fisherdouglas.com
*Attorneys for Defendant Kelly Cassidy-Elliott*


SO ORDERED:


_____
                                                              U.S.D.J.

10